IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01826-PAB-MJW

MICHAEL D. BRYANT,

Petitioner,

v.

J. M. WILNER, Warden,
Respondent.

---

**RECOMMENDATION ON
APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241
(Docket No. 2)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before this court pursuant to an Order of Reference to United States Magistrate Judge issued on October 2, 2009, by District Judge Philip A. Brimmer. (Docket No. 12).

Petitioner, Michael D. Bryant, is a federal prisoner who is incarcerated at FCI Florence in Colorado. Before the court for a report and recommendation is the petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (hereinafter "the petition") (Docket No. 2). Respondent filed a Response to Order to Show Cause (Docket No. 15) to show cause why the court should deny the petition. The court has considered the petition and the response as well as applicable Federal Rules of Civil Procedure, statutes, and case law and has taken judicial notice of the court's file. The court now being fully informed makes the

following findings, conclusions of law, and recommendation. Because the petitioner is proceeding without counsel, the court has "construe[d] his pleadings liberally, but [has not] act[ed] as his advocate." Ford v. Pryor, 552 F.3d 1174, 1178 (10th Cir. 2008).

In his petition, petitioner asserts that the respondent has refused to apply 23 months and 14 days of pretrial and post-conviction credits toward the satisfaction of petitioner's federal prison sentence of 21 years and 8 months pursuant to 18 U.S.C. § 3585(b). Petitioner claims he earned these credits from August 12, 2003 (the date of his arrest which was jointly managed by his state parole officer and the Alcohol Tobacco and Firearms [ATF]), through July 26, 2005 (the date his Washington State sentence was discharged while he was in federal custody). Petitioner asks the court to command the respondent to amend the petitioner's 21 year and eight month sentence downward by 23 months and 14 days pursuant to section 5G1.3(b)(1) of the Sentencing Guidelines to award him with the pretrial and post-conviction credits he has earned.

A petition under 28 U.S.C. § 2241 attacks the execution of a sentence. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Here, the portion of the petition which seeks a downward departure should be denied and dismissed because the petitioner is not attacking the execution of his sentence but instead is seeking a modification of an imposed term of imprisonment, and such relief is not obtainable through the instant petition. Even if the petition were construed as a motion pursuant to 18 U.S.C. § 3582(c), petitioner may very well not be entitled to relief because there is no showing here that the petitioner's case falls within the

limited exceptions provided therein.

To the extent the petitioner attacks the execution of his sentence based upon the respondent's refusal to apply certain detention credits for the time from August 12, 2003, through July 26, 2005, the court recommends that such claim be denied because the court finds no error in the calculation of the petitioner's federal sentence.

Respondent has detailed the history in this case, which has not been disputed by the petitioner. Respondent has shown the following. On April 15, 2003, petitioner was released via parole from Case No. 01-1-00225-3-01 from the Washington Department of Corrections where he was serving a 26.5-month term for possession of a controlled substance with intent to deliver. He was released from the confinement term to commence servicing a 26.5-month term of community custody. Almost three months later, however, he was arrested by Washington state authorities for failure to report, and at the time of his arrest, he was found in possession of a firearm. On August 29, 2003, his state parole was revoked. On March 29, 2004, he was released to the United States Marshal Service via a writ. While he was in the Marshal's custody, petitioner was granted parole on July 26, 2005, on Case No. 01-1-00225-3-01. The following day, July 27, 2005, Washington state released him to the Marshal service on a detainer, placing him in exclusive federal custody.

Petitioner was sentenced in federal court on November 4, 2005, and was sentenced to a 260-month term of imprisonment for felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). His federal sentence

commenced that day, and he was given credit toward his federal term from July 27, 2005, the day he was released from his state sentence.

According to the respondent, "[p]ursuant to Title 18, U.S.C. § 3585(b), as promulgated in Program Statement 5880.28, Sentence Computation Manual, prior custody credit is to be applied for any time spent in official detention prior to the date the sentence commences, provided the same period has not been credited against another sentence. The time Petitioner is requesting credit for, had already been credited to his state sentence. As such it does not meet the definition of qualified pre-sentence time as stated in Program Statement 5880.28, Sentence Computation Manual. *Exh. A-1 ¶ 5.*" (Docket No. 15 at 3).

**Discussion**

"The computation of a federal sentence requires consideration of two separate issues. Initially [the court] determine[s] the commencement date of the federal sentence and then turn[s] to the extent to which a defendant can receive credit for time spent in custody prior to commencement of sentence." Binford v. United States, 436 F.3d 1252, 1254 (10th Cir. 2006). "A federal statute governs the commencement date: 'A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.'" Comrie v. Wilner, 2010 WL 2178565, *1 (10th Cir. June 1, 2010) (citing 18 U.S.C. § 3585(a)). "A federal sentence does not commence until a prisoner is actually received into federal custody for that purpose." Binford, 436 F.3d at 1255. Therefore, in this case, the BOP properly

determined that the petitioner's federal sentence commenced on November 4, 2005, the date he was in federal custody and was sentenced on the federal charge.

As for credit for time in custody before the sentence commenced, the court looks to 18 U.S.C. § 3585(b).  Comrie v. Wilner, 2010 WL 2178565, *2 (10th Cir. June 1, 2010).  Section 3585(b) provides:

> **(b) Credit for prior custody.** –A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence**.

18 U.S.C. § 3585(b) (emphasis added).  Here, petitioner was given credit toward his federal term from July 27, 2005, when he was released from his state sentence.  Contrary to the petitioner's assertion, he was not entitled to credit under § 3585(b) for the time he was in custody which was credited to his Washington state sentence.

In sum, the court finds no error in the BOP's calculation of the petitioner's federal sentence and additionally that the petitioner cannot seek a downward departure of his sentence through this § 2241 petition.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the petitioner's Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2241 **(Docket No. 2)** be **denied and dismissed**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: June 14, 2010  
      Denver, Colorado

s/ Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge