IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01826-PAB-MJW

MICHAEL D. BRYANT,

    Petitioner,

v.

J. M. WILNER, Warden,

    Respondent.

---

**ORDER**

---

    This matter comes before the Court on the Recommendation on Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Recommendation") [Docket No. 16] from United States Magistrate Judge Michael J. Watanabe.  The magistrate judge recommends that this Court deny Petitioner's application for a writ of habeas corpus (the "Application") [Docket No. 2].  Petitioner filed objections to the Recommendation [Docket No. 17].  Therefore, the Court reviews the Application *de novo*.  *See* Fed. R. Civ. P. 72(b)(3).[1]  In so doing, the Court construes plaintiff's filings liberally because he is a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    Petitioner is an inmate at the Federal Correctional Institution in Florence,

---

[1] Plaintiff also claimed that he never received a copy of respondent's Response to Order to Show Cause [Docket No. 15] (the "Response").  On November 2, 2010, the Court ordered [Docket No. 18] the Clerk of the Court to mail a copy of the Response and its attachments to Petitioner in order to ensure that Petitioner had an adequate opportunity to respond to the Response.  Petitioner filed nothing after receipt of the Response.

Colorado serving a 260-month sentence from the United States District Court for the Eastern District of Washington for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  In his Application, petitioner seeks to have twenty three months and fourteen days credited to his federal sentence.  Section 3585(b) of Title 18 of the United States Code provides that

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).  Petitioner contends that he is entitled to credit for the time he spent detained from the date of his arrest on August 12, 2003 to July 26, 2005.  The record shows, however, that petitioner was serving the balance of a state sentence from August 12, 2003 to July 26, 2005.[2]  Therefore, as the Recommendation correctly found, the credit sought by petitioner constitutes time "credited against another sentence" and, therefore, may not be credited toward his federal sentence pursuant to § 3585(b).  Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 16] is ACCEPTED.  It is further

**ORDERED** that Petitioner's Application for a Writ of Habeas Corpus Pursuant to

---

[2] As of July 26, 2005, petitioner was in exclusive federal custody and received credit for the time between that date and November 4, 2005, the date his federal sentence was imposed.

28 U.S.C. § 2241 [Docket No. 2] is DENIED, and this case is DISMISSED with prejudice.

DATED November 30, 2010.

BY THE COURT:

s/ Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge